**FROM: The District Court of the 21st Judicial District. County of Ravalli.**

STATE OF MONTANA,
        Plaintiff,                         NO. CR 94-37
    vs.                                  DECISION
Kevin Wayne Richardson,
        Defendant.

On November 30, 1994, the defendant was sentenced to ten (10) years in Montana State Prison for the offense of Theft, a Felony, with no time suspended. The defendant will receive credit of 106 days for time served in jail prior to sentencing; The defendant is designated a non-dangerous offender for purposes of parole. The court directs that the defendant serve three (3) years without possibility of parole, and that he not be considered for parole until he has successfully completed all phases of any and all chemical dependency programs of the State of Montana that are found to be appropriate by the Department of Corrections. The court further directs that the defendant not be considered for parole until he enters into a plan for payment of restitution to the victim in the sum of $500.00.

On March 16, 1995, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence will remain the same as originally imposed.

The reason for the decision is the sentence imposed by the District Court is presumed correct pursuant to Section 46-18-904(3), MCA. The Division finds that the reasons advanced for modification are insufficient to find that the sentence imposed is either inadequate or excessive as is required to overcome the presumption that the sentence is correct.

Done in open Court this 16th day of March, 1995.

DATED this 19th day of April, 1995.

**Hon. John Warner, Chairman, Hon. Ted Lympus, Member, Hon. Frank Davis, Member.**

The Sentence Review Board wishes to thank Kevin Richardson for representing himself in this matter.